UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X Civil Action No.
DAVID MELENDEZ,
     Plaintiff,

            **COMPLAINT**

  -against-

ROCKAWAY MAINTENANCE PARTNERS   JURY TRIAL DEMANDED
CORP.; ROCKAWAY MAINTENANCE CORP.;
BRIGHTON 8TH PARTNERS, LLC,;
SIMEON FARBER a/k/a SIM FARBER a/k/a SAM
FARBER; URI DREIFUS.


     Defendant.
------------------------------------------------------------------X

   Plaintiff, DAVID MELENDEZ, by his attorneys, BELL LAW GROUP, PLLC.

complaining of Defendant, respectfully alleges, upon information and belief, the following:

### NATURE OF THE ACTION

   1.  Plaintiff worked for Defendants as a superintendent at Defendants' locations

located at 198 Briggs Avenue, Bronx, New York, 383 198th Street, in Bronx, New York and 3017

Brighton 8th Street, Brooklyn, New York.  Defendant had a corporate business address located in

Lawrence, in the County of Nassau, State of New York, from in or around April 2017 through

February 2021.

   2.  Plaintiff brings this action against Defendants for Defendants' systematic failure to

pay Plaintiff appropriate minimum wage, overtime wages, failure to properly provide Plaintiff with

the required Wage Theft Notice at the commencement of his employment and failing to provide

Plaintiff with accurate paystubs in violation of the Fair Labor Standards Act ("FLSA") and New

York Labor Law ("NYLL").

3. Defendant, Rockaway Maintenance Partners, Corporation is a maintenance and property ownership company that provide building maintenance to its customers. In his position, Plaintiff's duties included, without limitation, performing various manual tasks, including but not limited to painting, repairing the locations, electrical work, recycling and garbage removal, sweeping, emergency repairs and other services as needed.

4. Defendant, Rockaway Maintenance Corporation is a maintenance and property ownership company that provide building maintenance to its customers. In his position, Plaintiff's duties included, without limitation, performing various manual tasks, including but not limited to painting, repairing the locations, electrical work, recycling and garbage removal, sweeping, emergency repairs and other services as needed.

5. Defendant, Brighton 8th Partners, LLC is a maintenance and property ownership company that provide building maintenance to its customers. In his position, Plaintiff's duties included, without limitation, performing various manual tasks, including but not limited to painting, repairing the locations, electrical work, recycling and garbage removal, sweeping, emergency repairs and other services as needed.

6. Throughout his employment, Plaintiff was subject to extreme exploitation by the Defendants. Specifically, each week Plaintiff worked approximately sixty to sixty-five (60-65) hours per week from 2017 through 2019.

7. Then from 2020 to March 2021, Plaintiff worked approximately seventy to seventy-five (70-75) hours per week.

8. Irrespective of the number of hours he worked per week, Plaintiff was paid only his regular rate of pay for 40 hours per week and at no time was Plaintiff paid the required minimum and overtime rate for any hours worked over forty (40) per week.

9. Plaintiff was told by Defendants his regular hourly rate was $15.50 per hour. However, Defendant only compensated Plaintiff for forty (40) hours per week despite the fact that Plaintiff worked more than forty (40) hours every week at a flat rate of $600 which was far below the required minimum wage rate.

10. Plaintiff's regular hourly rate was either not paid for the hours worked over forty (40), or for the hours up until forty, fell far beneath the required minimum wage rate for the hours worked as Plaintiff was actually paid a flat rate per week.

11. When Plaintiff complained about Defendants' pay practices, Defendants told Plaintiff that he was only entitled to overtime when he worked more than eighty (80) hours in a two-week period. Despite this assertion, no overtime was ever paid to Plaintiff and no additional hours were compensated beyond forty (40) per week.

12. Defendants also failed to properly provide Plaintiff with a Notice of Wage Theft at the commencement of his employment.

13. Defendants also failed to provide proper paystubs to Plaintiff which accurately reflected the number of hours worked by Plaintiff.

**<u>PARTIES</u>**

14. Plaintiff was and still is a resident of the County of Nassau, State of New York.

15. Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law § 160 *et seq.* ("NYLL").

16. Defendant Rockaway Maintenance Partners, Corp. was and still is a domestic corporation organized and existing by virtue of the laws of the State of New York with its principal place of business located at 207 Rockaway Turnpike, Lawrence, New York, 11559.

17. Defendant Rockaway Maintenance Corp. was and still is a domestic corporation

organized and existing by virtue of the laws of the State of New York with its principal place of business located at 207 Rockaway Turnpike, Lawrence, New York, 11559.

18. Defendant Brighten 8th Partners, LLC was and still is a domestic limited liability company with a principal place of business located at 207 Rockaway Turnpike, Lawrence, New York, 11559.

19. Upon information and belief, Defendant Uri Dreifus, all times herein mentioned, was and still is a resident of the County of Nassau and the State of New York with an address of 303 Buckingham Road, Cedarhurst, New York, 11516.

20. Defendant Simeon Farber, a/k/a Sim Farber, a/k/a Sam Farber, all times herein mentioned, was and still is a resident of the County of Queens and the State of New York with an address of 917 Central Avenue, Apt. 3, Far Rockaway, New York 11691.

21. Upon information and belief, Defendant Farber is the owner and operator of Defendant Rockaway Maintenance Partners, Corp.

22. Upon information and belief, Defendant Farber is the owner and operator of Defendant Rockaway Maintenance Corp.

23. Upon information and belief, Defendant Farber is the owner and operator of Defendant Brighton 8th Partners, LLC.

24. Upon information and belief, Defendant Uri is an owner and operator of Defendant Rockaway Maintenance Partners, Corp.

25. Upon information and belief, Defendant Uri is an owner and operator of Defendant Rockaway Maintenance Corp.

26. Upon information and belief, Defendant Uri is the owner and operator of Defendant Brighton 8th Partners, LLC.

27. Defendant are covered employers within the meaning of the FLSA and the NYLL, and at all relevant times employed the Plaintiff.

28. As the Defendants shared control of the services of the Plaintiff, Defendants are a single "employer" as defined by the FLSA and the NYLL.

## JURISDICTION AND VENUE

29. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

30. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

31. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendant conducts substantial business within this judicial district.

## FACTS

32. Defendant, Rockaway Maintenance Partners, Corporation is a maintenance and property ownership company that provides building maintenance to its customers. Defendant Rockaway employs in excess of two (2) workers.

33. Defendant Rockaway Maintenance Corp. is a maintenance and property ownership company that provides building maintenance to its customers. Defendant Rockaway employs in excess of two (2) workers.

34. Defendant Brighton East Partners, LLC. is a maintenance and property ownership

5

company that provides building maintenance to its customers. Defendant Rockaway employs in excess of two (2) workers.

35.     Plaintiff worked for Defendants as a nonexempt skilled worker, building superintendent from in or around April 2017 through February of 2021 at Defendants' locations located at 198 Briggs Avenue, Bronx, New York, 383 198th Street, in Bronx, New York and 3017 Brighton 8th Street, Brooklyn, New York.

36.     The first location contained twenty-four (24) apartments while the second location contained twenty-two (22) apartments.

37.     As a superintendent at Defendants, Plaintiff was responsible for performing various manual tasks, including but not limited to painting, repairing the locations, electrical work, recycling and garbage removal, sweeping, emergency repairs and other services as needed.

38.     Throughout his employment, Defendants required Plaintiff to work, and Plaintiff did work well in excess of forty hours per week.

39.     Throughout his employment, Plaintiff worked performing his duties six (6) days per week for an approximate total of sixty to sixty-five (60-65) hours per week from 2017 through 2019.

40.     Then from 2020 to March 2021, Plaintiff worked 6-7 days per week and worked approximately seventy to seventy-five (70-75) hours per week.

41.     Irrespective of the number of hours Plaintiff worked per week, Plaintiff was paid a standard flat rate of $600 per week and was not paid for any hours over forty or any overtime pay for hours worked in excess of forty (40) hours per week.

42.     Throughout his employment, Defendants required Plaintiff to be on call at all times, twenty-four (24) hours a day, seven (7) days per week to respond to tenant requests and perform

work as needed.

43. At all relevant times, Defendants maintained control, oversight and authority over the Plaintiff in the terms and conditions of Plaintiff's employment and payment of wages and was Plaintiff's employer as defined under the FSLA and NYLL.

44. The work performed by Plaintiff was non-exempt work, as that term is used and defined in the U.S. Department of Labor's (DOL) regulations promulgated under the FLSA and NYLL.

45. Throughout his employment, Plaintiff was paid only a flat rate of pay for all hours worked up to forty (40) hours per week which fell far below the required minimum wage, and was not paid at all for any hours worked beyond forty (40).

46. For example, in July 2018, one of the Defendants' buildings caught fire. During that instance Plaintiff was required to attend to this issue and go back and forth between buildings at all times of the week whereas he worked 70-75 hours in that particular week. However, Plaintiff received no payment for any hours beyond 40 and was only paid a standard flat rate of $600.

47. Plaintiff was entitled to be paid for all hours worked, and was entitled to at least one and one-half times his respective regular rate of pay and/or the minimum wage rate for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR § 142-2.2.

48. At no time during his employment was Plaintiff paid one and one-half times his regular hourly work rate/minimum wage for any hours that Plaintiff worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

49. At all relevant times, Plaintiff was entitled to proper paystubs indicating the regular and overtime rate of pay, the basis of the rate of pay, the dates covered by the payment, the name,

7

address and phone number of the employer, and itemized allowances and deductions per NYLL.

50. Upon information and belief, at no time during his employment was Plaintiff provided with correct and appropriate paystubs. Defendants willfully disregarded and purposefully evaded the requirements of the FLSA and NYLL by failing to track or maintain records in order to intentionally deprive Plaintiff of compensation.

51. At all relevant times herein, Plaintiff was entitled to receive a Wage Theft Notice at the commencement of his employment with Defendants.

52. Upon information and belief, at no time during his employment was Plaintiff provided with the required Wage Theft Notice in violation of NYLL.

### AS AND FOR THE FIRST CAUSE OF ACTION
(*Overtime Under the FLSA*)

53. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

54. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e), and Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

55. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

56. Upon information and belief, at all relevant times, Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

57. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

58. Defendants expected Plaintiff to work more than forty (40) hours a week, and

Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

59. At no time did the Defendants pay Plaintiff a rate of one- and one-half times his wage rate and/or the minimum wage for all the hours he worked in excess of forty (40) hours per week.

60. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one- and one-half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours a week.

61. As a result of Defendants' violation of the law and failure to pay Plaintiff required overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

62. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

### AS AND FOR THE SECOND CAUSE OF ACTION
(*Overtime Wage Under the NYLL*)

63. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

64. At all relevant times, Plaintiff was an employee and Defendants were his employers within the meaning of NYLL §§ 190, 651 and 652.

65. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

66. Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees

are required to be paid one and one-half times the employees' regular rate of pay and/or the minimum wage rate for any hours in excess of forty (40) worked in any workweek.

67. Defendants expected Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout his employment.

68. At no time did the Defendants pay Plaintiff a rate of one and one-half times his hourly rate of pay and/or the minimum wage rate for all the hours he worked in excess of forty (40) hours per week.

69. Defendants willfully, knowingly and intentionally did not compensate Plaintiff for overtime at a rate of one- and one-half times his hourly rate of pay for all of the hours he worked in excess of forty (40) hours a week.

70. As a result of Defendants' violation of the law and failure to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR 142-2.2.

71. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

### AS AND FOR THE THIRD CAUSE OF ACTION
(*Minimum Wage Under the FLSA*)

72. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

73. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

74. At all relevant times, Defendants were engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 203(e), (m) and 206(a).

75. At all relevant times, Defendants' annual volume of business exceeds $500,000.00 and thus subjects Defendants to the requirements of the FLSA.

76. At all relevant times, Defendants were subject to the minimum wage requirements set forth in the FLSA, 29 U.S.C. § 201 *et seq*.

77. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq*., non-exempt employees are required to be paid a minimum wage rate of $7.25 per hour for each hour worked in any workweek, however since New York State provides for a higher minimum wage, Plaintiff is entitled to the higher of the required minimum wages.

78. Defendants violated 29 U.S.C. § 206(a) by failing to compensate Plaintiff the applicable minimum hourly wage as Plaintiff was only paid a flat rate of $600 for all hours worked, regardless of the number which fell below the required minimum wage rate.

79. As a result of Defendants' violation of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to 29 U.S.C. § 216.

80. Defendants willfully, knowingly, and intentionally failed to compensate Plaintiff the required minimum wage.

81. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

82. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, the Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR THE FOURTH CAUSE OF ACTION**
(*Minimum Wage Under the NYLL*)

83. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

84. At all relevant times, Plaintiff was an employee and Defendants were an employer within the meaning of NYLL §§ 190, 651 and 652.

85. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

86. Pursuant to NYLL § 652, Plaintiff, as non-exempt employee, were required to be paid a minimum wage rate of (a) $11.00 per hour for all hours worked from January 1, 2017, to December 30, 2017; (b) $13.00 per hour for all hours worked from December 31, 2017, through December 30, 2018; (c) and $15.00 per hour from December 31, 2018 through Plaintiff's termination.

87. Defendants violated NYLL § 652 by failing to compensate Plaintiff the applicable minimum hourly wage for all hours worked.

88. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and is entitled to recover from Defendants

all wages due, along with all reasonable attorney fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

89.     Defendants willfully, knowingly, and intentionally failed to compensate Plaintiff the required minimum wage.

90.     Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

91.     Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*(NYLL Section 195- Paystubs)*

92.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

93.     New York Labor Law Section 195 requires covered employers, such as Defendants, to furnish accurate wage statements to their employees with every payment of wages.

94.     Plaintiff was not exempt from this requirement.

95.     Defendants failed to furnish accurate wage statements to Plaintiff in violation of NYLL Section 195 by, *inter ali* failing to provide Plaintiff with accurate statements of his fill wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL Section 195.

96.     The conduct of Defendants constitutes a willful violation of the NYLL and/or its regulations.

97.     Defendants' violations of the NYLL have significantly damaged Plaintiff and entitles him to recover damages of $250 for each day that such violation occurred, up to a total of $5,000, an additional equal amount of liquidated damages, attorney's fees and costs, as well as pr and post judgment interest.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*(NYLL Section 195- Wage Theft Notice)*

98.     Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

99.     New York Labor Law Section 195 requires covered employers, such as Defendants, to furnish a Wage Theft Notice to all employees at the commencement of their employment.

100.    Plaintiff was not exempt from this requirement.

101.    Defendants failed to furnish the Wage Theft Notice in violation of NYLL Section 195.

102.    The conduct of Defendants constitutes a willful violation of the NYLL and/or its regulations.

103.    Defendants' violations of the NYLL have significantly damaged Plaintiff and entitles him to recover damages of $250 for each day that such violation occurred, up to a total of $5,000, an additional equal amount of liquidated damages, attorney's fees and costs, as well as pr and post judgment interest.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
*(Retaliation Under the NYLL)*

104. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

105. NYLL Section 215(1)(a) states that "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any person, shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter, or any order issued by the commissioner (ii) because such employer or person believes that such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general, or to any other person that the employer has violated any provision of this chapter, or any order issued by the commissioner (iii) because such employee has caused to be instituted or is about to institute a proceeding under or related to this chapter, or (iv) because such employee has provided information to the commissioner or his or her authorized representative or the attorney general, or (v) because such employee has testified or is about to testify in an investigation or proceeding under this chapter, or (vi) because such employee has otherwise exercised rights protected under this chapter, or (vii) because the employer has received an adverse determination from the commissioner involving the employee."

106. In direct violation of NYLL Section 215, and its implementing regulations, Defendants retaliated against Plaintiff for making complaints about both Defendants' failure to pay minimum wage and overtime compensation, by (1) forcing Plaintiff to remain "on-call" for

15

24 hours per day; (2) informally disciplining Plaintiff; (3) refusing to pay out accrued leave time upon Plaintiff's termination; and (4) terminating Plaintiff's employment.

107. The foregoing conduct of Defendants constitutes willful violations of the NYLL.

108. Defendants' violations of the NYLL's anti-retaliation previsions have significantly damaged Plaintiff and entitles him to recover the total amount of wages he would have earned but for Defendants' unlawful retaliation, an additional amount in liquidated damages up to the statutory maximum of twenty thousand dollars, attorney's fees and costs, pre and post judgment int3erest, and any other relief that the Court deems just and proper.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action for all overtime wages due, Plaintiff seeks compensation of the one and one half of his standard rate of pay for all hours worked beyond forty (40) hours per week, along with an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action for all overtime wages due, Plaintiff seeks compensation of one and one half of his standard rate of pay for all hours worked beyond forty (40) hours per week along with an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

C. On the Third Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

D. On the Fourth Cause of Action for all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorney fees and costs, in an amount to be determined by this Court but greater than the jurisdictional minimum;

E. On the Fifth Cause of Action an amount to be determined at trial, including but not limited to $5,000 for Defendant's willful violation of NYLL Section 195(3) plus interest, liquidated damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions.

F. On the Sixth Cause of Action in an amount to beg determined at trail, including but not limited to $5,000 for Defendant's willful violation of NYLL Section 195 *et seq*, plus interest, liquidated damages, attorney's fees and costs, and injunctive relief pursuant to the cited NYLL and regulatory provisions.

G. On the Seventh Cause of action, the total amount of wages Plaintiff would have earned but for Defendant's unlawful retaliation, an additional amount in liquidated damages up to the statutory maximum of twenty thousand dollars, attorney's fees and costs, pre and post judgment interest, and any other relief that the Court deems just and proper;

H. Interest;

I. Costs and disbursements; and

J. Such other and further relief as is just and proper.

### <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by jury on all issues of fact and damages.

Dated: Syosset, New York
November __, 2022                                  Respectfully submitted,

By: /s/ _____